IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JERMAINE ALEXANDER RAMSEY**                                          **PLAINTIFF**

v.                                                                                                                            **No. 4:18CV145-DAS**

**WARDEN TIMOTHY MORRIS**
**ASSOC. WARDEN VERLENA FLAGG**
**DEPUTY WARDEN BRENDA COX**
**CHIEF MEDICAL OFFICER WILLIE KNIGHTEN**                **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Jermaine Alexander Ramsey, who challenges the conditions of his confinement under 42 U.S.C. § 1983. The court conducted a hearing pursuant to *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether any claims in this case have sufficient merit to proceed. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that the defendants failed to repair water leaks into his living area, which caused him to slip, fall, and injure himself. The plaintiff also alleges that the defendants denied him adequate medical care. For the reasons set forth below, the plaintiff's claims regarding the defendants' failure to repair the leaks will be dismissed for failure to state a claim upon which relief could be granted. The plaintiff's claims regarding denial of medical care will, however, proceed.

**Factual Allegations**

On May 21, 2018, in Unit 29-L building at the Mississippi State Penitentiary, Mr. Ramsey slipped and fell in his cell, which had been condemned on April 4, 2018, before he was placed there. A leak had formed in the ceiling, and Ramsey had reported it many times to defendants Timothy Morris, Verlena Flagg, and Brenda Cox. He requested to be moved, but none of the defendants took any action, either by having him moved or repairing the leak. As a result of his slip and fall, he suffered injuries to his back, right leg, and right shoulder, which has a permanent lump on it.

He requested medical treatment multiple times – on May 21, 24, 27, and 29 – but he never received any treatment while housed at the Mississippi State Penitentiary. A guard called the clinic on his behalf, but no one responded, and Mr. Ramsey never received an explanation for the lack of response. Indeed, medical personnel at Parchman never responded to his Medical Service Request Forms. He informed defendant Knighten of his problems, but did not hear back. Associate Warden Verlena Flagg signed his sick call requests, but he never received treatment for his injuries while housed at the Mississippi State Penitentiary.

He was transferred to the Marshall County Correctional Facility ("MCCF") on June 8, 2018, where he underwent x-ray testing, but did not see the results. He has received other treatment for his medical problems while housed at MCCF. He currently suffers from severe back pain, knee pain, sleep deprivation, and mental and emotional problems.

**No Claim for Negligence Under 42 U.S.C. § 1983**

Mr. Ramsey's claims regarding failure by the defendants to maintain the building and repair the leaks sounds wholly in negligence, which is not a valid claim under 42 U.S.C. § 1983. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). As

such, Mr. Ramsey's claims regarding water leaks and dangerous floor conditions must be dismissed for failure to state a claim upon which relief could be granted. As Mr. Ramsey's allegations against Warden Timothy Morris and Deputy Warden Brenda Cox involve only his claims regarding the leaks, these defendants must be dismissed from this case.

## Conclusion

For the reasons set forth above, the plaintiff's claims regarding water leaking onto the floor and causing him to slip, fall, and injure himself will be dismissed for failure to state a claim upon which relief could be granted. In addition, defendants Timothy Morris and Brenda Cox will be dismissed with prejudice from this suit, as the plaintiff's allegations against them involve only the negligence claims. The plaintiff's claims for denial of adequate medical care against defendants Associate Warden Verlena Flagg and Chief Medical Officer Willie Knighten will, however, proceed. A judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 6th day of November, 2018.

/s/ David A. Sanders
DAVID A. SANDERS
UNITED STATES MAGISTRATE JUDGE